```
 1  Craig Davis
    1626 Montana Avenue, # 649
 2  Santa Monica, California 90403
    (210) 867-0480
 3  Craigd102474@gmail.com

 4  Naibeth Elizabeth Montero Davis
    1191 N. Bundy Drive
 5  Los Angeles, California 90049
    (954) 274-1771
 6  Naibethmontero@gmail.com

 7  Plaintiffs, in pro per
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

**CRAIG DAVIS** and **NAIBETH ELIZABETH MONTERO DAVIS**

        Plaintiff,

vs.

**PUERTO LORETO LLC**, a California Limited Liability Company, ISAOA; and **FCI LENDER SERVICES**,

        Defendant(s).

Case No.: 8:25cv00640-DOC-(DFMx)

**COMPLAINT**

    Plaintiff Craig Davis, and Plaintiff Naibeth Elizabeth Montero Davis, proceeding *in pro per*, hereby brings this Complaint against Defendant Puerto Loreto LLC, a California Limited Liability Company, ISAOA; and FCI Lender Services, and alleges as follows:

### I. PARTIES

1.     Plaintiffs are natural persons residing in the County of Los Angeles, State of California, and are the owners of real property located at 1191 N. Bundy Drive, Los Angeles, California, 90049 ("Property").

- 1 -
COMPLAINT

2.     Defendant Puerto Loreto LLC, a California Limited Liability Company, ISAOA is a corporation duly organized under the laws of California with its principal place of business in San Diego, California, and is engaged in the business of originating and servicing mortgage loans in California, with its principal business located at 1775 Hancock Street #200, San Diego, CA 92110 and its mailing address is 1775 Hancock Street #200, San Diego, CA 92110, and may be served with process through its registered agent at Paracorp Incorporated located at 2804 Gateway Oaks Dr. #100, Sacramento, CA 95833.

3.     Defendant FCI Lender Services is a corporation organized and existing under the laws of California with its principal business in and may be served with process through its registered agent at 8180 E Kaiser Blvd, Anaheim, CA 92808 and its mailing address is PO Box 27370, Anaheim, CA 92809-0112.

4.     Additional Defendant(s), if any, are individuals or entities that have assumed, acquired, or asserted rights, title, or interest in connection with the mortgage promissory note, deed of trust, or foreclosure sale.

## II. JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332, as this action arises under federal law—including the Truth in Lending Act, 15 U.S.C. § 1601 et seq.; and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 et seq.—and involves diverse parties.

6.     Venue is proper in the Central District of California under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district and the Property in controversy is located in this district.

## III. GENERAL ALLEGATIONS

7.     On or about April 6th, 2021, Plaintiff executed a promissory note in favor of Defendant Puerto Loreto LLC, a California Limited Liability Company, ISAOA in connection with a mortgage secured by a deed of trust encumbering the Property.

8.     Plaintiff timely and faithfully performed all obligations required under the note and deed of trust until Defendant's wrongful actions led to the foreclosure of the Property.

9. Defendant, acting through its agents, employees, or assigns, commenced a foreclosure sale without proper legal authority and in violation of federal and state law, including the mandates of TILA and RESPA.

10. Plaintiffs alleges that Defendant's foreclosure sale was wrongful, as Defendant failed to comply with applicable disclosure, notice, and procedural requirements required by federal law and relevant California law.

11. Plaintiffs further alleges that Defendant's conduct, including the misrepresentation of loan terms and failure to provide accurate disclosures, has caused substantial economic losses and irreparable harm to Plaintiffs, including the deprivation of his only residence.

12. Plaintiffs assert that as a result of Defendant's wrongful actions, there exists an actual controversy regarding the validity of the foreclosure sale, the rights associated therewith, and the title to the Property, necessitating declaratory relief and quiet title determinations.

13. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

## IV. SPECIFIC CAUSES OF ACTION

### COUNT I – WRONGFUL FORECLOSURE

14. Plaintiffs realleges and incorporates by reference paragraphs 1 through 13 as if fully set forth herein.

15. Defendant's actions in conducting a foreclosure sale without proper notice and without compliance with applicable procedures constitute wrongful foreclosure. Defendant's conduct is akin to that described in *Susilo v. Wells Fargo Bank, N.A.*, where a foreclosure sale was found to be wrongful, and in *Casault v. Federal National Mortgage Ass'n*, where improper foreclosure procedures were similarly condemned.

16. As a direct and proximate result of Defendant's wrongful foreclosure, Plaintiffs has suffered economic losses, loss of use and enjoyment of the Property, and irreparable injury.

### COUNT II – VIOLATION OF THE TRUTH IN LENDING ACT (TILA)

17. Plaintiffs realleges and incorporates by reference paragraphs 1 through 16 as if fully set forth herein.

18. Defendant, in connection with originating and servicing the mortgage loan, failed to provide clear, accurate, and timely disclosures regarding the terms, conditions, and costs of credit as required under TILA, 15 U.S.C. § 1601 et seq., and Regulation Z.

19. Defendant's failure to furnish required disclosures materially affected Plaintiffs's decision to enter into the mortgage transaction and has directly caused Plaintiffs damages.

20. Defendant's actions in this regard are in violation of TILA, as further exemplified in *Garcia v. Wachovia Mortgage Corp.*

**COUNT III – VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA)**

21. Plaintiffs realleges and incorporates by reference paragraphs 1 through 20 as if fully set forth herein.

22. Defendant failed to comply with the disclosure requirements and anti-kickback provisions of RESPA, 12 U.S.C. §§ 2601 et seq., by engaging in deceptive practices in connection with the settlement and servicing of the mortgage loan.

23. Defendant's violations of RESPA contributed to the wrongful foreclosure and further harmed Plaintiffs by obscuring the true cost and nature of the credit transaction.

24. Defendant's conduct in this respect is further supported by the holdings in *Garcia v. Wachovia Mortgage Corp.*

**COUNT IV – DECLARATORY RELIEF**

25. Plaintiffs realleges and incorporates by reference paragraphs 1 through 24 as if fully set forth herein.

26. An actual and justiciable controversy exists between Plaintiffs and Defendant regarding the validity of the foreclosure sale and the true state of the title to the Property.

27. Plaintiffs is entitled to a judicial determination declaring that Defendant's foreclosure sale was wrongful and that Plaintiffs retains title to the Property.

28. Declaratory relief is necessary to resolve the uncertainties regarding Plaintiffs's rights and to prevent further harm.

## COUNT V – QUIET TITLE

29. Plaintiffs realleges and incorporates by reference paragraphs 1 through 28 as if fully set forth herein.

30. Defendant's wrongful foreclosure has clouded the title to the Property, and Plaintiffs now holds title in actuality but is challenged by Defendant's actions.

31. Plaintiffs requests that this Court declare that Plaintiffs is the sole and rightful owner of the Property and order that any deficiencies in title arising from Defendant's conduct be expunged.

32. Matters similar to those raised herein were addressed in *Mortgage Electronic Registration Systems v. Robinson*, which supports Plaintiffs's rightful claim to quiet title.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays for judgment against Defendant(s) as follows:

A. For a declaration that Defendant's foreclosure sale was wrongful, that the mortgage loan and foreclosure sale are null and void, and that Plaintiffs's title to the Property is valid and unencumbered;

B. For rescission of the mortgage loan and the foreclosure sale, thereby restoring the Property to Plaintiffs free and clear of any mortgage lien or cloud;

C. For compensatory damages in an amount to be proven at trial, including losses resulting from diminished property value, loss of use, relocation expenses, and other consequential damages;

D. For punitive damages in an amount sufficient to deter Defendant's wrongful conduct;

E. For a declaration of Plaintiffs's right to quiet title, and an order quieting title in favor of Plaintiffs;

F. For attorneys' fees, costs of this action, and such other relief as the Court deems just and proper;

G. For any other relief the Court may deem just and proper.

## VI. JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: March 31, 2025.

                                                           Craig Davis  
1626 Montana Avenue, # 649  
Santa Monica, California 90403  
(210) 867-0480  
Craigd102474@gmail.com

                                         Naibeth Elizabeth Montero Davis  
1191 N. Bundy Drive  
Los Angeles, California 90049  
(954) 274-1771  
Naibethmontero@gmail.com

                                                                  Plaintiffs

## VERIFICATION

I have read the foregoing *Complaint* and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Santa Monica, California, on the 31st day of March, 2025.

_____

Craig Davis
1626 Montana Avenue, # 649
Santa Monica, California 90403
(210) 867-0480
Craigd102474@gmail.com

_____

Naibeth Elizabeth Montero Davis
1191 N. Bundy Drive
Los Angeles, California 90049
(954) 274-1771
Naibethmontero@gmail.com

Plaintiffs